# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| Daniel A. Dales<br>c/o Knox County Jail<br>11540 Upper Gilchrist Rd.<br>Mt. Vernon, Ohio 43050,<br><br>      Plaintiff,<br><br>v.<br><br>Knox County Sheriff's Department<br>11540 Upper Gilchrist Rd.<br>Mt. Vernon, Ohio 43050<br><br>      Defendant. | Case No.: 2:18-CV-403<br><br>Judge _____<br><br>Magistrate _____<br><br>**JURY DEMAND ENDORSED HEREON** |

## COMPLAINT

Now comes Plaintiff Daniel A. Dales ("Mr. Dales"), by and through his undersigned counsel, and for his *Complaint* against the above-captioned defendant, Mr. Dales hereby avers and claims as follows.

### JURISDICTION AND VENUE

1. This Honorable Court has jurisdiction over this ripe case and controversy pursuant to 28 U.S.C. §1331.

2. This Honorable Court has supplemental jurisdiction over any state law claims in this ripe case and controversy pursuant to 28 U.S.C. §1367.

3. This matter is timely filed within the pertinent statute of limitations.

4. The last known address of each defendant is as set forth in the caption, such that venue is proper with this Honorable Court.

5. The actions and ommissions giving rise to the instant dispute occurred in Knox County, Ohio, such that venue is proper with this Honorable Court.

**STATEMENT OF FACTS**

6. Mr. Dales incorporates by reference all his allegations in the preceding paragraphs, as though the same were fully rewritten herein.

7. Around April 15, 2011, Mr. Dales pled guilty and was sentenced for gross sexual imposition and importuning in Knox County, Ohio.

8. Since April 15, 2011, Mr. Dales is required to register as a sexually oriented offender.

9. After April 15, 2011, Mr. Dales was assigned to Knox County Parole Officer William Baer for said conviction.

10. Around March 28, 2014, Mr. Dales pled guilty and was sentenced for failure to provide a change of address as a sexually oriented offender.

11. Upon information and belief, the Knox County Sheriff is aware of Mr. Dales' prior convictions and harbors ill will towards Mr. Dales.

12. On March 31, 2016, Mr. Dales broke his right foot and presented to the Knox Community Hospital Emergency Department for treatment.

13. Mr. Dales presented to Dr. Jarrett B. Helming at the Knox Medical Pavilion on April 5, 2016 for further treatment of the said broken right foot.

14. On presentment, Dr. Jarrett B. Helming noted clear swelling and bruising of Mr. Dales' right foot.

15. Dr. Jarrett B. Helming diagnosed Mr. Dales with an avulsion fracture of the right second metatarsal bone as well as some widening of the Lisfranc joint on said date.

16. Dr. Jarrett B. Helming treated Mr. Dale's said broken foot with a cast.

17. Dr. Jarrett B. Helming prescribed that Mr. Dale not put any weight on said broken right foot and required his continued use of crutches.

18. Dr. Jarrett B. Helming prescribed Norco to Mr. Dales for treatment of severe pain related to said broken right foot.

19. Dr. Jarrett B. Helming prescribed Mr. Dales a return appointment around May 5, 2016.

20. Upon information and belief, around April 28, 2016, the aforesaid said Knox County Parole Officer William Baer began investigating Mr. Dales for an alleged failure to provide a change of address as a sexually oriented offender for not staying at the same address for five consecutive nights as was later charged against Mr. Dales in Knox County, Ohio Court of Common Pleas Case No.: 16CR05-0077.

21. Around April 30, 2016, Mr. Dales got water on his casted right foot.

22. Mr. Dales removed the water damaged cast on his right foot around April 30, 2016 to prevent damage until he could get an appointment with Dr. Jarrett B. Helming to replace the cast.

23. Upon information and belief, Mr. Dales scheduled a replacement cast on his broken right foot.

24. On April 30, 2016, Mr. Dales still could not put weight on his broken right foot and required the use of crutches for mobility.

25. On April 30, 2016, Mr. Dales' broken right foot was still swollen and bruised.

26. On April 30, 2016, Mr. Dales' broken right foot was still tender and painful.

27. On April 30, 2016, Mr. Dales still required pain medication for the treatment of his broken and non-weight bearing right foot.

28. In the late evening of April 30, 2016, Mr. Dales was arrested for obstructing official business and criminal mischief in the Mt. Vernon, Ohio Municipal Court Case Nos.: 16CRB00355-A and 16CRB00355-B when he arrived at his girlfriend's apartment.

29. Mr. Dales pled not guilty to Mt. Vernon, Ohio Municipal Court Case No.: 16CRB00355-A.

30. Mr. Dales pled not guilty to Mt. Vernon, Ohio Municipal Court Case No.: 16CRB00355-B.

31. Around April 30, 2016, Mr. Dales was jailed with the Defendant Knox County Sheriff's Department a/k/a Knox County Jail ("Knox County Sheriff") and on his intake Mr. Dales informed the same that he had a broken right foot that was non-weight bearing and required medical treatment.

32. Upon information and belief, the Knox County Sheriff held Mr. Dales for alleged violations in Knox County, Ohio Court of Common Pleas Case No.: 16CR05-0077.

33. Upon information and belief, the Knox County Sheriff held Mr. Dales for alleged violations in Mt. Vernon, Ohio Municipal Court Case Nos.: 16CRB00355-A and 16CRB00355-B.

34. On intake after his arrest, Mr. Dales was not provided with his crutches for his broken, non-weight bearing right foot.

35. On intake after his arrest, Mr. Dales moved with a noticeable limp absent crutches for his broken, non-weight bearing right foot.

36. While incarcerated with the Knox County Sheriff, Mr. Dales repeatedly submitted written requests for medical attention for a broken, non-weight bearing right foot that required medical treatment.

37. Upon information and belief, on May 6, 2016, the Knox County Sheriff received instructions in the Knox County Court of Common Pleas with Mr. Dales to provide Mr. Dales with medical attention for his broken, non-weight bearing right foot that required medical treatment.

38. The Knox County Sheriff knowingly prevented Mr. Dales from receiving medical treatment for his broken, non-weight bearing right foot that required medical treatment.

39. The Knox County Sheriff knowingly required Mr. Dales to walk without crutches on his broken, non-weight bearing right foot that required medical treatment.

40. The Knox County Sheriff knew that Mr. Dales was treating with Dr. Jarrett B. Helming for Mr. Dale's broken, non-weight bearing right foot but still failed to provide Mr. Dales with any crutches or mobility assistance.

41. The Knox County Sheriff deprived Mr. Dales of his medical records.

42. The Knox County Sheriff prevented Mr. Dales from treating with Dr. Jarrett B. Helming as prescribed for a return appointment around May 5, 2016.

43. While incarcerated with the Knox County Sheriff, Mr. Dales received no medical attention for a broken, non-weight bearing right foot that required medical treatment until May 18, 2016.

44. The medical treatment finally provided to Mr. Dales by the Knox County Sheriff was inaccurate or inadequate for a broken, non-weight bearing right foot.

45. While Mr. Dales was incarcerated with the Knox County Sheriff and complaining about his untreated, or under-treated, broken, non-weight bearing right foot, Mr. Dales was attacked by three correctional officers at once, and put into solitary confinement, upon information and belief.

46. In said attack, the three said correctional officers further injured Mr. Dales' broken, non-weight bearing right foot and injured his elbow.

47. Mr. Dales was denied medical treatment by the Knox County Sheriff for his then worsened broken, non-weight bearing right foot and his injured elbow.

48. The charges for an alleged failure to provide a change of address as a sexually oriented offender as charged against Mr. Dales in Knox County, Ohio Court of Common Pleas Case No.: 16CR05-0077 was dismissed for a lack of evidence on June 22, 2016.

49. The Mt. Vernon, Ohio Municipal Court Case No.: 16CRB00355-A against Mr. Dales was dismissed.

50. The Mt. Vernon, Ohio Municipal Court Case No.: 16CRB00355-B against Mr. Dales was dismissed.

51. Upon information and belief, the Knox County Sheriff released Mr. Dales once all the pending criminal cases against Mr. Dales were dismissed.

52. Mr. Dales reserves the right under Rule 15 of the <u>Federal Rules of Civil Procedure</u> to amend his pleadings to bring additional claims as the need to do so becomes apparent to Mr. Dales throughout the course of further pleadings, joinder of parties, investigation, and discovery in this matter, as justice so requires.

## COUNT ONE (1): VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983

53. Mr. Dales incorporates by reference all his allegations in the preceding paragraphs, as though the same were fully rewritten herein.

54. The various corrections officers who interacted and/or treated Mr. Dales are agents of the Knox County Sheriff acting within the scope and direction of their principal.

55. The Knox County Sheriff acted with knowledge or reason to know of facts that would lead a reasonable person to believe that their conduct creates an unnecessary risk of physical harm and that such risk is greater than that necessary to make the conduct negligent in injuring Mr. Dales.

56. The Knox County Sheriff acted with a perverse disregard of a known risk in injuring Mr. Dales.

57. The Knox County Sheriff, and their agents, acted under color of state law to deprive Mr. Dales of rights, privileges, or immunities secured by the Constitution or laws of the United States, in specific the Eighth Amendment.

58. The Knox County Sheriff acted with deliberate indifference in regards to Mr. Dales' serious medical needs.

59. The Knox County Sheriff deliberate indifference in failing to provide medication to Mr. Dales despite being aware of the medical necessity, constitutes unnecessary and wanton infliction of pain.

60. As a direct result of said defendants' actions, Mr. Dales has suffered, and will continue to suffer, physical and mental injuries, and has incurred, and will incur in the future lost income, transportation expenses, medical, hospital, doctor, and prescription drug expenses.

61. As a direct result of said defendants' actions, Mr. Dales suffered permanent and substantial physical deformity and loss of a bodily organ system.

62. Upon information and belief, the Knox County Sheriff implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending correction officers.

63. As a direct result of said deprivation of his constitutional rights in violation of 42 U.S.C. §1983, Mr. Dales has been damaged in an amount more than $75,001.00, as will be more fully proven in either a trial or dispositive motion in this matter.

### COUNT TWO (2): VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983

64. Mr. Dales incorporates by reference all his allegations in the preceding paragraphs, as though the same were fully rewritten herein.

65. Mr. Dales reasonably believes that the Knox County Sheriff maintains, actively or by omission, a policy or practice that approves of such unlawful, malicious, and outrageous conduct by its correction officers.

66. In the alternative, Mr. Dales reasonably believes the Knox County Sheriff failures to adequately train its correction officers amounts to deliberate indifference to the rights of persons with whom its officers come into contact such that said correction officers violated federal and state law in their treatment of Mr. Dales.

67. The policies, customs, practices, or omissions of the Knox County Sheriff played a part in the violation of federal and state law against Mr. Dales.

68. As a direct result of such policies, customs, practices, or omissions on the part of the Knox County Sheriff, Mr. Dales has suffered, and will continue to suffer, physical and mental

injuries; and has incurred, and will incur in the future, lost income, transportation expenses, medical, hospital, doctor, and prescription drug expenses.

69. As a direct result of said defendants' actions, Mr. Dales suffered permanent and substantial physical deformity and loss of a bodily organ system.

70. Mr. Dales says that such policy or practice has the effect of depriving this Mr. Dales of his constitutional rights in violation of 42 U.S.C. §1983, such that Mr. Dales has been damaged in an amount more than $75,001.00, as will be more fully proven in either a trial or dispositive motion in this matter.

### COUNT THREE (3): INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

71. Mr. Dales incorporates by reference all his allegations in the preceding paragraphs, as though the same were fully rewritten herein.

72. The Knox County Sheriff, and each of them, jointly and severally, are culpable of intentional infliction of emotional distress because: 1) they knew or should have known that their actions against Mr. Dales would result in serious physical and mental and emotional injuries and distress to him; 2) their conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community; 3) that their actions were the proximate cause of Mr. Dales' injuries; and 4) that the physical and mental and emotional injuries suffered by Mr. Dales is serious and of a nature that no reasonable man could be expected to endure such injuries.

73. As a direct result of said defendants' actions, Mr. Dales suffered permanent and substantial physical deformity and loss of a bodily organ system.

74. As direct result of Defendants' intentional infliction of emotional distress, Mr. Dales has been damaged in an amount more than $75,001.00, as will be more fully proven in either a trial or dispositive motion in this matter.

**PRAYER FOR RELIEF**

**WHEREFORE,** for all the aforestated reasons, Mr. Dales prays that this Honorable Court will award Mr. Dales the following relief:

A. A judgment for compensatory and punitive damages against the Knox County Sheriff; and

B. For all other relief, as may be necessary and appropriate and/or to which Mr. Dales is entitled, as a matter of law and/or of equity, including but not limited to, reasonable attorneys' fees, costs, and interest.

Respectfully submitted,

THERAN SELPH & ASSOCIATES, LTD.

*/s/ Theran J. Selph, Sr.*
Theran J. Selph, Sr.    (0079376)
PO Box 341318
Columbus, Ohio 43234-1318
(614) 453-0971; (866) 519-5298 (facsimile)
tselph@selphlaw.com
*Counsel for Plaintiff Daniel A. Dales*

**JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Mr. Dales demands a trial by jury on all counts listed in the Complaint.

/s/ *Theran J. Selph, Sr.*
Theran J. Selph, Sr.     (0079376)
*Counsel for Plaintiff Daniel A. Dales*

###